UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SAMUEL ACOSTA,**<br><br>    **Plaintiff,**<br><br>       v.<br><br>**FEDERAL BUREAU OF INVESTIGATION,** *et al.*,<br><br>    **Defendants.** | Civil Action No.  12-1578 (JEB) |

**MEMORANDUM OPINION**

*Pro se* Plaintiff Samuel Acosta, a federal prisoner in Texas, brought this action under the Freedom of Information Act, seeking documents and records about himself from a passel of governmental entities: the Federal Bureau of Investigation, the Department of Treasury, the Department of Justice, DOJ's Criminal Division, the Executive Office of United States Attorneys, the Bureau of Alcohol, Tobacco, and Firearms, the Drug Enforcement Administration, the Department of Homeland Security, Immigration and Customs Enforcement, the United States Attorney's Office for the Southern District of Iowa, the Des Moines Police Department, and the Virgin Islands Police Department.  In moving to dismiss or for summary judgment, the federal Defendants (all but the last two listed) principally argue Plaintiff's failure to exhaust his administrative remedies.  The Court will grant the Motion with respect to all but EOUSA and the FBI, as prolonged delay vitiates Plaintiff's exhaustion requirement with respect to those entities.

**I.    Background**

Plaintiff's Complaint says that "beginning in 2010 and thereafter up to this day

[apparently September 21, 2012, the date the Complaint was filed], Plaintiff made requests in writing for copies of documents . . . within the systems of records maintained by the Defendants as to Criminal Case No. 4:07-CR-00083-RP-1 . . . ." Compl., ¶ 9. The Complaint does not reference any specific FOIA requests, and the pleadings only reveal three: one submitted to ICE dated October 11, 2010, see Mot., Decl. of Ryan Law, ¶ 6 & Exh. A, one submitted to EOUSA the same date, see Mot., Decl. of David M. Hardy, ¶ 6 & Exh. A, and one submitted to the DEA dated March 19, 2012. See Mot., Decl. of William C. Little, Jr., ¶ 13 & Exh. A (separately filed at ECF No. 24). The manner in which each agency responded will be set forth in further detail in Section III, *infra*.

## II.     Legal Standard

Although Defendants here move alternatively for dismissal or summary judgment, the D.C. Circuit has directed that the Court address their exhaustion arguments under Federal Rule of Civil Procedure 12(b)(6). See Hidalgo v. FBI, 344 F.3d 1256, 1260 (D.C. Cir. 2003) (vacating grant of summary judgment and remanding FOIA case "with instructions to the district court to dismiss the complaint under [Rule] 12(b)(6) . . . for failure to exhaust administrative remedies"); see also Jean-Pierre v. Federal Bureau of Prisons, 880 F. Supp. 2d 95, 100 n.4 (D.D.C. 2012) ("Although FOIA cases typically and appropriately are decided on motions for summary judgment, where an agency argues that the requester has failed to exhaust his administrative remedies, courts analyze the matter under Rule 12(b)(6) for failure to state a claim.") (citations, internal citations, and internal quotation marks omitted).

The difficulty with such a directive is that Rule 12(b)(6) confines a court to the Complaint, subject to a few exceptions not applicable here. Yet, most exhaustion analyses will require courts to consider materials outside of the Complaint – *e.g.*, declarations describing how

agencies responded to requests and letters memorializing their communications to requesters – particularly when dealing with *pro se* litigants, who are unlikely to provide a full procedural background of their claim. In fact, Hidalgo itself may well be relying on documents outside the Complaint when considering the exhaustion issue, although references to a joint appendix do not make that entirely clear. See 344 F.3d at 1258. In any event, were this Motion considered under the summary-judgment standard, the result would be identical.

### III.     Analysis

Before discussing the three particular FOIA requests at issue, the Court believes it worthwhile to clear up a few ancillary matters. First, Plaintiff has apparently sued Treasury under the mistaken belief that ATF is an agency housed there. See Compl., ¶ 4. In 2003, however, Congress transferred ATF to DOJ, where it remains. See Title XI of the Homeland Security Act of 2002, Pub. L. No. 107-206, 116 Stat. 2135. Treasury should thus be dismissed as a defendant. In any event, there is no evidence of a FOIA request to ATF, which will also be dismissed. Second, there is similarly no allegation in Plaintiff's Complaint or Opposition of a separate request to the USAO for the Southern District of Iowa or to DOJ's Criminal Division, which will both also be dismissed. Third, although the federal Defendants categorically state that "only federal agencies [rather than components of such agencies] are proper party defendants in FOIA litigation," Mot. at 1 n.1, this is not so clear. See Jean-Pierre, 880 F. Supp. 2d at 101 ("the weight of authority is that subcomponents of federal executive departments may, at least in some cases, be properly named as FOIA defendants") (citations omitted). The Court will thus assume, without deciding, that the subcomponents here are properly named. Finally, in suing two non-federal agencies – the Des Moines Police Department and the Virgin Islands Police Department – Plaintiff appears to be venturing farther afield than the FOIA statute

permits.  See 5 U.S.C. § 552(f)(1).  The Court will, consequently, order him to show cause why these two should remain in the case.

In now moving to the actual FOIA requests, the Court will begin with a general discussion of how exhaustion operates in FOIA cases and then address the three requests separately.

    A.  Exhaustion

It is generally understood that before filing suit in federal court, a FOIA requester must exhaust administrative remedies.  See Citizens for Responsibility & Ethics in Washington (CREW) v. FEC, -- F.3d --, No. 12-5004, 2013 WL 1296289, at *1 (D.C. Cir. April 2, 2013); see also Hidalgo, 344 F.3d at 1258; Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990).  Exhaustion is required so "the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision."  Oglesby, 920 F.2d at 61.  Allowing requesters to bypass administrative remedies "undercut[s] 'the purposes of exhaustion, namely, 'preventing premature interference with agency processes, . . . afford[ing] the parties and the courts the benefit of [the agency's] experience and expertise, . . . [or] compil[ing] a record which is adequate for judicial review.'"  Hidalgo, 344 F.3d at 1259 (quoting Ryan v. Bentsen, 12 F.3d 245, 247 (D.C. Cir. 1993)).

Until very recently, the D.C. Circuit had not determined when a FOIA requester could bypass administrative appeal remedies and proceed directly to federal court to challenge an agency's failure to produce requested documents.  Earlier this month, the court resolved this issue in CREW v. FEC, holding: "If the agency has made and communicated its 'determination' in a timely manner, the requester is required to administratively appeal that 'determination' before bringing suit.  But if the agency has not issued its 'determination' within the required time

period, the requester may bring suit directly in federal district court without exhausting administrative appeal remedies." Id. at *1.  Such "determination" means that the agency "must at least indicate within the relevant time period the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents." Id.

The relevant statutory time period is straightforward.  FOIA requires the agency to "determine within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and . . . immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination." § 552(a)(6)(A)(i).  Further, in "unusual circumstances" an agency may extend the twenty-day period by ten days by providing written notice to the requester explaining the unusual circumstances and the date on which a determination is expected.  § 552(a)(6)(B)(i).  If thirty working days is not enough time for an agency to make a determination, the agency can also ask the court to extend its response time because of "exceptional circumstances." § 552(a)(6)(C)(i).  Additionally, an agency may toll the initial twenty-day period in two circumstances: 1) while it awaits the requester's response to an agency request and 2) "if necessary to clarify with the requester issues regarding fee assessment." § 552(a)(6)(A)(I), (II).  Further, "[i]n either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period." Id.

In most exhaustion cases, then, courts will perform a calculation of days to determine if agencies have sufficiently responded within these statutory deadlines.  "[I]f the agency has not [timely] issued its 'determination[,]' . . . the requester may bring suit directly in federal district court without exhausting administrative appeal remedies." CREW, 2013 WL 1296289, at *1.  In

CREW, the Court of Appeals held that "[b]ecause the FEC did not make and communicate its 'determination' within . . . 20 working days of receiving CREW's FOIA request, CREW … exhausted its administrative appeal remedies under Section 552(a)(6)(C)(i), and its suit [could] proceed." Id. at *8.

Bearing these guidelines in mind, the Court now turns to the specific requests.

   B.  Request to ICE

On October 11, 2010, Plaintiff filed a FOIA request with ICE, which was received a week later. See Law Decl., ¶ 6 & Exh. A (FOIA request) at 1. Ordinarily, ICE would have twenty calendar days (excluding holidays and weekends) from the date it received the request to respond. See 5 U.S.C. § 552(a)(6)(A)(i). The twenty-day deadline, however, was tolled here because ICE responded to Plaintiff on October 18, requesting that he "complete and submit an identity verification form," and ICE did not receive his response until November 12. Law Decl., ¶¶ 7, 9. On November 16, after searching its Office of Homeland Security Investigations, ICE sent Plaintiff a letter informing him that the search did not identify any responsive records and explaining his right to appeal this determination. Id., ¶ 10 & Exh. B (Letter to Acosta) at 1. Plaintiff never filed any such administrative appeal. Id., ¶ 12.

Since ICE sent the request for further information the same day it received Plaintiff's FOIA request, the only days charged against it are the four from November 12 to November 16. See § 552(a)(6)(A)(i)  Given that this does not exceed the twenty days permitted, ICE has responded timely, and Plaintiff has failed to exhaust his administrative appeals. He seems to admit as much in his Opposition: "Plaintiff will resubmit [his] FOIA request to the FBI, DEA, and the Dept[.] of Homeland Security and once more travel the food chain through all FOIA appeals." Opp. at 1. Dismissal is thus appropriate for ICE and its parent, DHS.

### C. Request to DEA

For the same reasons, the Court will dismiss Defendant DEA. On March 19, 2012, Plaintiff submitted a FOIA request to DEA, which was "opened" on March 27. See Little Decl., ¶¶ 13-14 & Exh. A (FOIA Request, separately filed at ECF No. 24). DEA responded in a letter dated March 29, informing him that it could not locate any responsive records. Id., ¶ 15 & Exh. B (Letter to Acosta, separately filed at ECF No. 24). The letter also informed Plaintiff of his right to appeal the denial of his FOIA request to the Office of Information Policy. Id., ¶ 16. As of February 15, 2013, Plaintiff had not appealed the DEA determination. Id., ¶ 17.

If "opening" Plaintiff's request means receiving it, then DEA only took two days to respond; if the two terms are not synonymous, DEA still took no more than ten days, well within the 20-day limit. Plaintiff's concession regarding DHS also expressly applied to DEA. See Section III-B, *supra*. Dismissal, therefore, is also proper for DEA.

### D. Request to EOUSA/FBI

Plaintiff's third request took a more circuitous path. On October 11, 2010, Plaintiff sent this request to the Executive Office for United States Attorneys. See Hardy Decl., ¶ 6 & Exh. A (FOIA Request). Over eight months later, EOUSA forwarded Plaintiff's request to the FBI, noting that it had located records originating from the FBI and thus asking the Bureau to respond directly to Plaintiff. Id., ¶ 7 & Exh. B (EOUSA Letter to FBI of June 30, 2011) at 1. The FBI, on September 26, 2011, then released certain pages and withheld others. Id., ¶ 8 & Exh. C (FBI Letter to Acosta).

Although the Government asserts that Plaintiff failed to exhaust his administrative remedies by not appealing the FBI's September 26, 2011, decision, such an argument ignores the

nearly one-year delay between his request and a response.[1]  Under CREW, such lapse waives any requirement Plaintiff had to exhaust his administrative appeals.

  The one other wrinkle here is that the Government might have been able to argue that a transfer to another agency could give the new agency more than twenty days to respond to the FOIA request.  See S. Yuba River Citizens League & Friends of the River v. Nat'l Marine Fisheries Serv., No. 06-2845, 2008 WL 2523819, at *8 n.10 (E.D. Cal. June 20, 2008) ("[T]he relationship between the timeliness and forwarding the documents to other agencies[] has not been fully explored.  It hardly seems remarkable, however, that a brief delay occasioned by such referral is to be expected."); Or. Natural Desert Ass'n v. Gutierrez, 409 F. Supp. 2d 1237, 1248 (D. Or. 2006) (finding that "defendants failed to make a timely determination" after both initial agency and other agencies who received referrals sent responses months past statutory time limits); Bogan v. FBI, No. 04-532, 2005 WL 1367214, at *3 (W.D. Wis. June 7, 2005) (noting that after defendant acknowledged a referral nearly four months after receipt "without setting forth any explanation for the delay in responding or giving an estimation of or explanation for the delay that would follow[,] . . . defendant has not shown that it either attempted to comply with the notification requirements . . . or that it faced exceptional circumstances and asked for" more time).  It never so contends, however.

  Even if the Government had made such an argument, it would have an uphill climb here, given that the transfer resulted in almost a full year's delay in responding.  As a result, the Court finds that Plaintiff has exhausted his administrative remedies and his suit can proceed.  EOUSA or the FBI, therefore, must provide a Vaughn index and justify any exemptions if it seeks to

---

[1] It is possible that EOUSA actually did respond in timely fashion, but the Government never argues this point.  In fact, Exhibit B to the Hardy Declaration includes an undated letter from EOUSA to Plaintiff, which released 800+ pages to him.  Yet, neither Hardy in his Declaration nor the Government in its Motion ever mentions this document or any response by EOUSA to Plaintiff.

withhold any of the documents. It must also explain the adequacy of its search. The Motion to Dismiss will thus be denied on this request.

## IV. Conclusion

For the foregoing reasons, the Court will issue a contemporaneous Order granting the Motion to Dismiss as to Defendants Treasury, ICE, DEA, ATF, DHS, DOJ's Criminal Division, and USAO-SDIA, denying it as to the FBI and EOUSA (and DOJ itself), and requiring Plaintiff to show cause why the case should proceed against the non-federal Defendants.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: April 17, 2013